UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NEPTUNE SHIPMANAGEMENT SERVICES (PTE), LTD., TALMIDGE INTERNATIONAL LTD., AMERICAN EAGLE TANKERS, INC., LTD. AND AMERICAN EAGLE TANKERS AGENCIES, INC., AND BRITANNIA STEAM SHIP INSURANCE ASSOCIATION LTD.** | **CIVIL ACTION NO.  20-1525**<br><br>**JUDGE** |
| **VERSUS** | |
| **VINOD KUMAR DAHIYA** | **MAGISTRATE JUDGE** |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs Neptune Shipmanagement Services (PTE), Ltd. ("Neptune"), Talmidge International Ltd. ("Talmidge"), American Eagle Tankers, Inc., Ltd. and American Eagle Tankers Agencies, Inc. (collectively "AET"), and The Britannia Steam Ship Insurance Association Ltd. ("Britannia") to bring their Complaint against Defendant Vinod Kumar Dahiya.

### INTRODUCTION

1. Plaintiffs, Neptune, Talmidge, AET, and Britannia are juridical entities, some of which were involved directly or indirectly in the ownership, insurance, or operation of the M/T EAGLE AUSTIN, a Singapore flagged vessel, in 1999. Plaintiffs will be collectively referred to herein as the "Vessel Interests."

2. More specifically, in 1999 Talmidge was the owner of the M/T EAGLE AUSTIN and Neptune was the crewing agency for the vessel.

1

PD.28689966.2

3.      Defendant, Vinod Kumar Dahiya is, and was in 1999, a person of the full age of majority, and a resident, domiciliary, and citizen of the Republic of India.

4.      On or about September 13, 1999, while in India, Dahiya executed a contract (or, as titled by the parties a "Deed") pursuant to which he was to be employed as an engine cadet aboard vessels crewed by Neptune. As relevant to this dispute, the Deed required that any disputes arising from Dahiya's employment be submitted to arbitration in either Singapore or India.[1]

5.      On or about November 13, 1999, Dahiya was serving as an engine cadet on board the M/T EAGLE AUSTIN when he sustained an injury while operating the vessel's incinerator. Following his injury, which occurred in international waters, Dahiya received certain medical treatment in Louisiana, after which he was repatriated to his home in India.

6.      Since early 2002, Dahiya has been on a sustained campaign to present a personal injury claim related to his injury to the state courts of Louisiana in direct contravention of his Deed, United States law, and international law and despite specific adverse rulings in the Louisiana state courts.

7.      After much litigation in the United States, which is detailed more fully below, Dahiya was ordered to submit his personal injury claim to arbitration, as required by his Deed, U.S. Law, and International Law. That arbitration proceeded after years of delay caused solely by Dahiya's inaction (the "Indian Arbitration") and concluded in January of 2020 with an award in Dahiya's favor (the "Arbitration Award").[2]

---

[1] A true and accurate copy of the Deed is attached hereto as Exhibit A.

[2] A true and accurate copy of the Arbitration Award is attached hereto as Exhibit B.

8. Notwithstanding the Arbitration Award, his Deed, U.S. Law, International Law, and prior court rulings in related litigation detailed below, Dahiya has returned to the state courts of Louisiana and still seeks to have his personal injury claim adjudicated in the United States.

9. Because Vessel Interests are now faced with the threat of having to re-litigate Dahiya's claims for a third time, and because the Arbitration Award is final and enforceable against Plaintiff in the United States, Vessel Interests now file this action pursuant to The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. 6997, 330 U.N.T.S. 3, (the "Convention") and its enabling legislation in the United States, 9 U.S.C. § 201, *et seq.* seeking confirmation of the Arbitration Award and certain other relief.

## PARTIES

10. Plaintiff Neptune Shipmanagement Services (PTE), Ltd. is a Singapore company with its principal place of business in Singapore.

11. Plaintiff Talmidge International Ltd. is a foreign company with its with its principal place of business outside the United States.

12. Plaintiff American Eagle Tankers, Inc., Ltd. is a Singapore company with its principal place of business in Singapore.

13. Plaintiff American Eagle Tankers Agencies, Inc. is a Texas corporation with its principal place of business in Houston.

14. Plaintiff the Britannia Steam Ship Insurance Association Ltd. is a legal entity organized pursuant to the law of England and Wales with its principal place of business in London.

15. Defendant Vinod Kumar Dahiya was and is a person of the full age of majority, and a resident, domiciliary, and citizen of the Republic of India.

## JURISDICTION AND VENUE

16. The Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331. Vessel Interests' action arises under 9 U.S.C. § 207, 9 U.S.C. § 203, and the Convention because Vessel Interests seek an order confirming the Arbitration Award and the Arbitration Award falls under the Convention. The Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

17. Venue in this district is proper pursuant to 9 U.S.C. § 204, which provides that this action "may be brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought." Dahiya's attempts to circumvent the Arbitration Award have all taken place within this judicial district, specifically in Plaquemines Parish, Louisiana. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Vessel Interests' claims occurred in this judicial district; specifically, Dahiya's attempts to circumvent the Arbitration Award.

18. This Court has jurisdiction over the person of Dahiya because he has purposefully directed wrongful acts at Louisiana, namely his improper attempts to circumvent the Arbitration Award by attempting to resurrect the Louisiana state court litigation, and Vessel Interests' claims against Dahiya arise out of those wrongful acts.

## BACKGROUND

19. As noted above, following his injury on board the M/T EAGLE AUSTIN, Dahiya began a sustained campaign to present his personal injury claim to the state courts of Louisiana despite the fact that Dahiya, a citizen of India, was presenting a claim against foreign entities for injuries that occurred on a foreign flag vessel in international waters.

20. At the outset of Dahiya's campaign, he, through his counsel of record, threatened to have the M/T EAGLE AUSTIN attached in Louisiana state court and held as security for his personal injury claim.

21. To avoid the threatened arrest, Britannia, through its counsel of record, issued a Letter of Undertaking ("LOU") in which Britannia agreed to satisfy any final judgment against Vessel Interests in any amount up to $2,000,000.00 (Two Million Dollars).

22. On March 4, 2002, Dahiya filed a lawsuit entitled "*Vinod Kumar Dahiya v. Talmidge International Ltd., Neptune Shipmanagement Services (PTE), Ltd., American Eagle Tankers, Inc., Ltd., American Eagle Tankers Agencies, Inc., and The Britannia Steam Ship Insurance Association Ltd.*," bearing Civil Action No. 48357 in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana (the "State PI Suit").

23. On July 12, 2002, Vessel Interests, who were the named defendants in the State PI Suit, removed the State PI Suit to this Court. *See Vinod Kumar Dahiya v. Talmidge International Ltd., Neptune Shipmanagement Services (PTE), Ltd., American Eagle Tankers, Inc., Ltd., American Eagle Tankers Agencies, Inc., and The Britannia Steam Ship Insurance Association Ltd.*, No. 02-cv-2135 (E.D. La. 2002) ("*Dahiya I*") at Rec. Doc. 1.

24. In their Notice of Removal in *Dahiya I*, Vessel Interests invoked this Court's subject matter jurisdiction pursuant to the Convention and its enabling legislation in the United States, 9 U.S.C. § 201, *et seq.* More specifically, Vessel Interests sought to compel Dahiya to arbitrate his claims against Vessel Interests as required by the terms of the Deed.

25. Following removal in *Dahiya I*, Vessel Interests filed a motion to compel arbitration, *Dahiya I* at Rec. Doc. 2, and Dahiya filed a motion to remand, *id.* at Rec. Doc. 5.

5

26. On October 11, 2002, this Court issued an Order and Reasons denying Vessel Interests' motion to compel arbitration and remanding *Dahiya I* to the 25th Judicial Court for the Parish of Plaquemines. *Dahiya v. Talmidge Int'l, Ltd.*, No. 02-2135, 2002 WL 31962151 (E.D. La. Oct. 11, 2002). In its Order and Reasons, the Court reasoned that the arbitration clause in the Deed was invalid under Louisiana law, in particular La. Rev. Stat. § 23:921. *Id*. at *2. Because, in the Court's view, the arbitration clause was invalid, it held that the case could not be removed pursuant to 9 U.S.C. § 205, which generally permits the removal of actions relating to agreements calling for foreign arbitration of disputes. *Id*.

27. Vessel Interests appealed this Court's remand order in *Dahiya I*, but the U.S. Court of Appeals for the Fifth Circuit dismissed the appeal for lack of appellate jurisdiction based on 28 U.S.C. § 1447(d), which generally prohibits appellate review of remand orders. *Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207 (5th Cir. 2004).

28. While the appeal in *Dahiya I* was pending and following remand of the State PI Suit to state court, Vessel Interests re-urged their motion to compel arbitration, which was denied by the state district court on August 8, 2003.

29. On May 27, 2004, this Court repudiated its ruling in *Dahiya I*: "Although the Court lacks jurisdiction to vacate its earlier ruling granting remand in *Dahiya*, after further review of the Supreme Court's ruling in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 32 L. Ed. 2d 513, 92 S. Ct. 1907 (1972) and its reasoning in *Southland Corp. v. Keating*, 465 U.S. 1, 10, 79 L. Ed. 2d 1, 104 S. Ct. 852 (1984), the Court finds that its ruling in *Dahiya* was incorrect." *Lejano v. Bandak*, No. 00-2990, 2004 U.S. Dist. LEXIS 27341, at *3 n.1 (E.D. La. May 27, 2004).

30. On March 24, 2005, the U.S. Court of Appeals for the Fifth Circuit explicitly rejected the argument that La. Rev. Stat. § 23:921 invalidates foreign arbitration clauses in the

contracts of foreign seamen. *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 906 (5th Cir. 2005).

31. The State PI Suit eventually proceeded to a trial on the merits in state court, after which a judgment was entered against Vessel Interests.

32. Vessel Interests appealed the judgment in the State PI Suit to the Louisiana Fourth Circuit Court of Appeal and, for the first time, obtained appellate review of their argument that Dahiya's claims must be submitted to arbitration in India. The state appellate court vacated the state district court's judgment, held that the arbitration clause in Dahiya's Deed was valid, enforceable, and required him to arbitrate his claims against Vessel Interests in India, and remanded the action to the state district court with instructions to compel the parties to arbitration in India. *Dahiya v. Talmidge Int'l Ltd.*, 2005-0514 (La. App. 4 Cir. 5/26/06), 931 So. 2d 1163, 1173. That ruling became final on May 29, 2007, when the United States Supreme Court denied Dahiya's petition for certiorari. *Dahiya v. Talmidge Int'l Ltd.*, 550 U.S. 968 (2007).

33. The following day, on May 30, 2007, Dahiya filed a motion in the State PI Suit requesting that the state district court essentially ignore the opinion of the Louisiana Fourth Circuit Court of Appeal and enter a limited stay as to Neptune alone and then only for a limited period of time. On October 10, 2007, the state district court rejected Dahiya's arguments and entered an order staying this matter pending arbitration as ordered by the court of appeal.

34. In the interim, Dahiya's Louisiana counsel sent a letter to the appointed Indian arbitrator, purporting to assert Dahiya's claim in arbitration. The Indian arbitrator summarily denied Plaintiff's "claim" for failure to follow the most basic procedural requirements under Indian law. For example, Plaintiff's initial claim was not signed by Plaintiff or anyone with authority to

7

act on Plaintiff's behalf in India and was submitted by a foreign lawyer not authorized to practice law in India.

35. Following the first rejection of his arbitration claim in India, Dahiya initiated proceedings in civil court in India, seeking to have the arbitration reopened and a different arbitrator appointed. Despite filing his civil claim in early 2008, Dahiya made no attempt to notify Vessel Interests of the proceeding until a year later, in early 2009. Vessel Interests promptly notified Dahiya that they had no objection to the reopening of the Indian Arbitration or the appointment of a substitute arbitrator, but Dahiya still waited several years to have the matter set for hearing before the Indian judge.

36. During the delays of Dahiya's own creation, on May 3, 2013, he returned to Louisiana and filed a motion to terminate the stay of the State PI Suit. In his motion, he complained that the delays in India deprived him, a citizen and resident of India, of his supposed due process rights under the U.S. Constitution. The Louisiana state district court denied Dahiya's motion.

37. Plaintiff returned to India and arbitration proceedings formally commenced before the newly appointed arbitrator. Following the completion of those proceedings, Dahiya prevailed in the Indian Arbitration and received an award of 95 lakh (9,500,000 Indian Rupees or approximately $130,000) on January 25, 2020.

38. Vessel Interests took the position in the Indian Arbitration that they had no liability to Dahiya, who was 100% responsible for his own injuries. Thus, there can be no dispute that Dahiya prevailed in the Indian Arbitration.

39. After the issuance of the Arbitration Award, Vessel Interests offered to satisfy the Arbitration Award and reached out to Dahiya's Indian counsel in an effort to agree on the amounts owed, particularly the outstanding interest, under the Indian Arbitration Award. Dahiya has

ignored Vessel Interests' inquiries and refuses to cooperate in the satisfaction of the Arbitration Award.

40. Instead, on April 15, 2020, Dahiya's U.S. counsel filed a "Motion to Reinstate Judgment, or Alternatively Re-Set for Trial" in the State PI Suit. In Dahiya's motion, he seeks alternatively, (1) the reinstatement of the judgment already vacated by the Louisiana Fourth Circuit Court of Appeal, or (2) an order setting the matter for trial. In doing so, he attempts again to repudiate his contractual obligation to arbitrate by, *inter alia*, re-urging arguments which have been repeatedly rejected in this case by the Louisiana state courts.

41. Contemporaneously with the filing of this Complaint, Vessel Interests are filing a Notice of Removal of the State PI Suit to this Court.

42. As set forth more fully below, Vessel Interests seek an order from this Court: (1) confirming the Arbitration Award, (2) declaring that, upon Vessel Interests' satisfaction of the Arbitration Award, Vessel Interests will have no further liability to Dahiya, (3) ordering the return of the LOU to counsel for Vessel Interests and declaring same cancelled and without further effect, and (4) issuing a permanent injunction prohibiting Dahiya from prosecuting any claim related to his November 13, 1999 personal injury before any tribunal in the United States of America.

## COUNT I
## APPLICATION FOR CONFIRMATION OF FOREIGN ARBITRAL AWARD

43. Vessel Interests incorporate the allegations set forth in the preceding paragraphs as if set forth in full herein.

44. 9 U.S.C. § 207 provides that "Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the

9

arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."

45. The Arbitration Award is "an arbitral award falling under the Convention."

46. An arbitration award is governed by the Convention when: (1) it "has been made in one signatory state and recognition or enforcement is sought in another signatory state"; (2) the award arises out of a commercial relationship; and, (3) at least one party is not a United States citizen. *Asignacion v. Rickmers Genoa Schiffahrtsgesellschaft mbH & Cie KG*, 783 F.3d 1010, 1015 (5th Cir. 2015).

47. The Arbitration Award was made in India, which is a signatory to the Convention.

48. Vessel Interests seek to enforce the Arbitration Award in the United States, which is also a signatory to the Convention.

49. The Arbitration Award arises out of Dahiya's employment contract (the Deed) with Neptune, which is a commercial relationship. *See Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 274 (5th Cir. 2002) (seaman's employment contract establishes a commercial relationship); *see also Dahiya v. Talmidge Int'l Ltd.*, 2005-0514 (La. App. 4 Cir. 5/26/06), 931 So. 2d 1163, 1172 (holding that Dahiya's Deed creates a commercial legal relationship).

50. At least one party to the Arbitration Award is not a United States Citizen. Indeed, neither of the named parties to the Arbitration Award is a United States Citizen.

51. Accordingly, the Arbitration Award falls under the Convention. *See Dahiya v. Talmidge Int'l Ltd.*, 2005-0514 (La. App. 4 Cir. 5/26/06), 931 So. 2d 1163, 1172 (holding that Dahiya's arbitration agreement falls under the Convention).

52. Because Dahiya's arbitration agreement and the Arbitration Award fall under the Convention, "[t]he court 'shall confirm' the award unless a ground to refuse enforcement or

10

recognition specified in the Convention applies." *Asignacion v. Rickmers Genoa Schiffahrtsgesellschaft mbH & Cie KG*, 783 F.3d 1010, 1015 (5th Cir. 2015).

53. No ground to refuse enforcement of the Arbitration Award applies in this case.

54. While the only named parties to the Arbitration Award are Dahiya and Neptune, all of the Vessel Interests are entitled to enforce the Arbitration Award because Dahiya's claims "raise[] allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Hill v. G E Power Sys., Inc.*, 282 F.3d 343, 348 (5th Cir. 2002). Here, Dahiya claims that Vessel Interests are jointly liable for the single personal injury that he suffered. Thus, all of the Vessel Interests are entitled to enforce the Arbitration Award. *See Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 375 (4th Cir. 2012) (non-signatory vessel interests entitled to enforce arbitration agreement with respect to foreign seaman's personal injury claims).

55. Accordingly, Vessel Interests are entitled to and request that the Court enter an order confirming the Arbitration Award and making it a judgment of this Court.

## COUNT II
## ACTION FOR DECLARATORY JUDGMENT, 28 U.S.C. § 2201

56. Vessel Interests incorporate the allegations set forth in the preceding paragraphs as if set forth in full herein.

57. There is an actual controversy between Dahiya and Vessel Interests with respect to whether the Deed and the Arbitration Award preclude Dahiya from prosecuting any further claims against Vessel Interests related to his personal injury.

58. The controversy between the parties is ripe for adjudication because Dahiya has taken action in the State PI Suit in direct contravention of the Arbitration Award.

59. Vessel Interests stand ready, willing, and able to fully satisfy the Arbitration Award.

11

60. Because any claim that Dahiya may have related to his November 13, 1999 personal injury has been adjudicated by the Arbitration Award, Defendants are entitled to a judgment declaring that, upon Vessel Interests' satisfaction of the Arbitration Award, Vessel Interests have no further liability to Dahiya.

## COUNT III
## ACTION FOR DECLARATORY JUDGMENT, 28 U.S.C. § 2201

61. Vessel Interests incorporate the allegations set forth in the preceding paragraphs as if set forth in full herein.

62. There is an actual controversy between Dahiya and Britannia with respect to whether the LOU will be fully satisfied upon Vessel Interests' satisfaction of the Arbitration Award.

63. The controversy between the parties is ripe for adjudication because Dahiya has taken action in the State PI Suit in an explicit effort to recover sums from Vessel Interests, and thus from Britannia via the LOU, in excess of those awarded in the Indian Arbitration.

64. Upon Vessel Interests' satisfaction of the Arbitration Award, they will have fully satisfied all of their obligations to Dahiya.

65. Accordingly, Britannia is entitled to a judgment declaring that, upon Vessel Interests' satisfaction of the Arbitration Award, the LOU is null and void and of no further effect. Britannia also specifically requests that this Court issue an order requiring Dahiya's counsel to return the original LOU to counsel for Vessel Interests.

## COUNT IV
## INJUNCTIVE RELIEF

66. Vessel Interests incorporate the allegations set forth in the preceding paragraphs as if set forth in full herein.

67. Dahiya has demonstrated that he will persist in his attempts improperly to litigate his personal injury claims in the United States unless ordered otherwise.

68. As set forth fully herein, all of Dahiya's claims against Vessel Interests have been resolved by the Arbitration Award. Accordingly, having been reduced to final judgment, Dahiya should not be permitted to continue to litigate his claims endlessly and at great expense to Vessel Interests.

69. Pursuant to Federal Rule of Civil Procedure 65 and this Court's inherent authority, Vessel Interests request that this Court enter a permanent injunction prohibiting Dahiya from prosecuting any claim related to his November 13, 1999 personal injury before any tribunal in the United States of America.

70. Vessel Interests submit, finally, that Dahiya's actions in filing the State PI Suit and otherwise are all in contravention of his contractual obligation to arbitrate his claims against Vessel Interests, the prior adverse rulings of the courts of the State of Louisiana, and the Indian Arbitration Award and thus constitute an actionable abuse of the legal process for which Vessel Interests reserve the right to seek compensatory and exemplary damages.

71. **WHEREFORE**, Vessel Interests respectfully request that this Court:

(1) Enter an order confirming the Arbitration Award and making it a Judgment of this Court;

(2) Enter a Judgment declaring that, upon Vessel Interests' satisfaction of the Arbitration Award, Vessel Interests will have no further liability to Dahiya;

(3) Enter a Judgment ordering the return of the LOU to counsel for Vessel Interests and declaring same cancelled and without further effect;

(4) Issue a permanent injunction prohibiting Dahiya from prosecuting any claim related to his November 13, 1999 personal injury before any tribunal in the United States of America;

(5) Award Vessel Interests all costs incurred in the maintenance of this action; and,

(6) Grant Vessel Interests all other relief that the Court deems just and proper.

    Respectfully submitted,

    **PHELPS DUNBAR LLP**

BY:   */s/ Gary A. Hemphill*
      Gary A. Hemphill (Bar #6768)
      Arthur R. Kraatz (Bar #35194)
      Canal Place | 365 Canal Street, Suite 2000
      New Orleans, Louisiana 70130
      Telephone: 504-566-1311
      Facsimile: 504-568-9130
      Email: gary.hemphill@phelps.com
      Email: arthur.kraatz@phelps.com

**ATTORNEYS FOR PLAINTIFFS NEPTUNE SHIPMANAGEMENT SERVICES (PTE), LTD., TALMIDGE INTERNATIONAL LTD., AMERICAN EAGLE TANKERS, INC., LTD., AMERICAN EAGLE TANKERS AGENCIES, INC., AND THE BRITANNIA STEAM SHIP INSURANCE ASSOCIATION LTD.**