```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

NEPTUNE SHIPMANAGEMENT SERVICES (PTE.), LTD.,       CIVIL ACTION
ET AL.

v.                                                  NO. 20-1525

VINOD KUMAR DAHIYA                                  SECTION "F"


                           ORDER AND REASONS

Before the Court is the defendant Vinod Kumar Dahiya's motion to dismiss for lack of subject matter jurisdiction. For the reasons that follow, the motion is DENIED.

**Background**

This case is the latest in a decades-long legal battle between the defendant Vinod Kumar Dahiya and the plaintiffs Neptune Shipmanagement Services (PTE), Ltd., Talmidge International Ltd., American Eagle Tankers, Inc., American Eagle Tankers Agencies, Inc., and the Britannia Steam Ship Insurance Association (collectively, the "Vessel Interests"). After filing a state-court suit that was subsequently removed to this Court (creating the companion federal case numbered 20-1527), Dahiya now moves to dismiss the instant action for lack of subject matter jurisdiction.

1

For the sake of brevity, the Court assumes familiarity with the background detailed in the orders and reasons previously issued in this case and its more recent companion case (20-1527), and recounts only the procedural history that is needed to frame the Court's analysis of the instant motion to dismiss.

This case began on May 26, 2020 when the Vessel Interests brought suit against Dahiya in this Court.  In this case, which Dahiya now moves to dismiss, the Vessel Interests seek, among other things, a confirmation of an arbitral award Dahiya received from an Indian arbitrator in January 2020.  On the same day they filed this suit, the Vessel Interests removed the case that would later become 20-1527 from Louisiana state court, seeking largely the same relief.  That much is recent and straightforward.

Of more distant memory is this Court's 2002 remand – which the Court has since repudiated – of a prior case in this litigation (known today as "Dahiya I").  See Dahiya v. Talmidge Int'l, Ltd., No. 02-2135, 2002 WL 31962151 (E.D. La. Oct. 11, 2002).  The present legal effect of that decision is debated by the parties and goes to the heart of the instant motion.

I.

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge a court's subject matter

2

jurisdiction.  "As a court of limited jurisdiction, a federal court must affirmatively ascertain subject-matter jurisdiction before adjudicating a suit.  A district court should dismiss where it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." Bank of La. v. FDIC, 919 F.3d 916, 922 (5th Cir. 2019) (quoting Venable v. La. Workers' Comp. Corp., 740 F.3d 937, 941 (5th Cir. 2013) (internal quotation marks omitted)).  "A court may find that plausible set of facts by considering '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'"  Id. (quoting Spotts v. United States, 613 F.3d 559, 566 (5th Cir. 2010)).  "The party asserting jurisdiction bears the burden of proof."  Id. (citing Griener v. United States, 900 F.3d 700, 703 (5th Cir. 2018)).

II.

A.

"Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."  Bowles v. Russell, 551 U.S. 205, 212 (2007).  In enacting 9 U.S.C. §§ 203 and 207, Congress did just that.  In § 203, it furnished the federal district courts with original jurisdiction over "action[s]

3

or proceeding[s] falling under the Convention [on the Recognition and Enforcement of Foreign Arbitral Awards]."  And in § 207, it provided that "[w]ithin three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration."

Here, the Vessel Interests assert that the Indian arbitrator's January 2020 award falls under the Convention and seek the Court's confirmation of that award.  Under Fifth Circuit precedent, they are correct that that award "fall[s] under the Convention."  See Asignacion v. Rickmers Genoa Schiffahrtsgesellschaft mbH & Cie KG, 783 F.3d 1010, 1015 (5th Cir. 2015) ("The Convention applies when an arbitral award has been made in one signatory state and recognition or enforcement is sought in another signatory state . . . . [And an] award's enforcement is governed by the Convention . . . if the award arises out of a commercial dispute and at least one party is not a United States citizen.").  In the complaint at issue, the Vessel Interests allege that an arbitral award has been issued in one signatory state (India) and seek enforcement of that award in another signatory state (the United States); and, they allege that that

4

award arises from a commercial[1] dispute and includes as a party at least one non-U.S. citizen (Dahiya). Accordingly, the four corners of the Vessel Interests' complaint persuasively establish a "plausible set of facts" that support the Court's exertion of subject matter jurisdiction over Count I.  See Bank of La., 919 F.3d at 922.

Equally clear is the existence of federal jurisdiction over the Vessel Interests' remaining claims (Counts II through IV). With certain exceptions that do not apply here, 28 U.S.C. § 1367(a) provides that

> in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

Such is the case here: 9 U.S.C. §§ 203 and 207 supply the Court with original jurisdiction over Count I, and Counts II through IV relate to the same case or controversy as Count I.[2]

---

[1] See Francisco v. STOLT ACHIEVEMENT MT, 293 F.3d 270, 274 (5th Cir. 2002) (determining that an employment contract was "commercial" within the meaning of the Convention Act).

[2] Dahiya does not dispute that if the Court has subject matter jurisdiction over Count I, it can also claim supplemental jurisdiction over Counts II through IV.  Indeed, Dahiya urges the other side of the coin: namely, that "upon the dismissal of Count I, the jurisdictional premise for the subsidiary Counts filed under

B.

Despite the apparent certainty of jurisdiction, Dahiya insists that this Court's 2002 order remanding Dahiya I for a lack of subject matter jurisdiction amounts to a permanent disclaimer of federal jurisdiction over any future claims relating to the parties' dispute.  In his estimation, "[t]he final judgment of remand entered in 2002 . . . effected an adjudication that there was no federal jurisdiction for Dahiya's case because it was not subject [sic] of an enforceable arbitration agreement."  See Mot. at 2-3.  Dahiya bases this proposition on 29 U.S.C. § 1447(d),[3] which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  Accordingly, in Dahiya's view, the Court's decision to remand Dahiya I "constitutes a binding determination of [a] lack of federal jurisdiction over the parties' dispute."  See Mot. at 1, 3-5.

In this vein, Dahiya cites, among other inapt cases, then-Judge Gorsuch's observation that the federal judiciary was permanently divested of jurisdiction it might have otherwise

---

supplemental jurisdiction will no longer be present."  See Mot. at 9.

[3] As well as a handful of federal cases applying it.

maintained when a long-litigated case was remanded to state court. See In re C & M Props., LLC, 563 F.3d 1156, 1158 (10th Cir. 2009). However, while it is certainly true that a remand order erects a jurisdictional bar within a *single action*, it cannot be the case that a federal court's decision to remand a *prior* action precludes that court's entertainment of a wholly different action premised on novel factual developments that supply a new and independent jurisdictional basis.  To conclude otherwise would be to abdicate the federal judiciary's constitutional role and shirk jurisdiction that Congress has conferred.  Cf. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (observing that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them"); Cohens v. Virginia, 19 U.S. 264, 404 (1821) ("We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.").

Similarly misplaced is Dahiya's reliance on New Orleans Public Service, Inc. v. Majoue, 802 F.2d 166 (5th Cir. 1986) (per curiam).  There, the Fifth Circuit observed that "a district court's order remanding a cause [sic] to state court" divests the district court of jurisdiction to "vacate[]" that order "even if it later decides the order was erroneous." Id. at 167.  The key

7

word there?  *That* order.  Indeed, while a district court's decision to remand a case carries significant implications within the case at hand, it does not, as Dahiya suggests, permanently bar the federal courts from ever hearing another case or controversy that relates to the prior, remanded action.  To be sure, parties may not evade the consequences of a district court's remand order by disguising pure collateral attacks in the form of fresh federal suits,[4] but that is a far cry from what the Vessel Interests have done here.  Unlike the conniving plaintiff in Majoue, the Vessel Interests bring this case in pursuit of a legitimate federal remedy that only recently became available to them: judicial confirmation of a newly issued arbitral award under 9 U.S.C. § 207.

Unable to realistically contest the Vessel Interests' assertion of jurisdiction over this action, Dahiya stretches the reasoning of Majoue and other inapplicable cases[5] to an unsupported

---

[4] See Majoue, 802 F.2d at 167–68 (ordering the dismissal of an action in which the plaintiff sought to overturn an earlier remand order by bringing a fresh suit seeking an injunction of state-court proceedings because such suit was "nothing more than an artful, if not subtle, attempt to circumvent the plain language and meaning of 28 U.S.C. § 1447(d), which provides that a remand order 'is not reviewable on appeal or *otherwise*'").

[5] Consider, for instance, Dahiya's reliance on Associated Grain Terminals, LLC v. Harrison, 2020 WL 758123 (E.D. La. Feb. 14, 2020).  As the Vessel Interests note, that case did not even involve a removal and remand.

extreme.  In any event, there is little question that the Court's 18-year-old remand order in a different case does not preclude its evaluation of subject matter jurisdiction here.

*   *   *

With full authority to consider the question, the Court is satisfied that it does indeed possess subject matter jurisdiction over the instant action.

Accordingly, IT IS ORDERED: that the defendant's motion to dismiss is DENIED.[6]


New Orleans, Louisiana, September 16, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[6] That this dispute spans two decades should shock the conscience of even the most impartial observer.  The legal fees and costs alone might well already exceed the value of any arbitration award.